IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:06cr251-3

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>ROBERT DEON HUNTER, JR. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on a handwritten letter from the Defendant which has been construed as a motion for copies of his sentencing transcripts, a copy of his docket sheet and verification that a notice of appeal was filed on his behalf [Doc. 303].

On December 7, 2007, the Defendant was sentenced to ten years imprisonment in connection with his conviction for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846. [Doc. 186]. His case was appealed; however, on March 27, 2009, the United States Fourth Circuit Court of Appeals dismissed his appeal. [Doc. 285].

In response to the letter, the Clerk of Court mailed to the Defendant a copy of his docket sheet on September 8, 2009. By virtue of this Order,

the Defendant is advised that his appeal was dismissed.  As to the sentencing transcript, however, although the Defendant was provided court-appointed counsel for the criminal proceedings, that does not automatically entitle him to indigency status for purposes of this motion.  A defendant may not obtain transcripts of proceedings in his case unless this Court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. §753(f).  As noted, the Defendant's appeal was dismissed and there is no suit or other proceeding pending.

The Defendant also has not shown that his request "is not frivolous and that the transcript is needed to decide [an] issue presented."  Id.  Federal inmates are not entitled to transcripts at Government expense for collateral attacks on their convictions absent some showing of a particularized need.  United States v. MacCollom, 426 U.S. 317, 326-27, 96 S.Ct. 2086, 48 L.Ed.2d 38 (1976); United States v. Hamlett, 128 Fed.Appx. 320, 321 (4th Cir. 2005).  "[A]n indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."  Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir. 1972), *quoting* United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); *accord*

<u>United States v. Parker</u>, 273 Fed.Appx. 243 (4th Cir. 2008).

**IT IS, THEREFORE, ORDERED** that the Defendant's handwritten letter which has been construed as a motion for copies of his sentencing transcripts, a copy of his docket sheet and verification that a notice of appeal was filed on his behalf [Doc. 303] is hereby **DENIED**.

Signed: October 6, 2009

Martin Reidinger
United States District Judge